# Supreme Court of Florida

————————

No. SC2025-0020

————————

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – CHAPTER 1.**

August 28, 2025

PER CURIAM.

The Florida Bar has filed a proposal to amend Rules Regulating The Florida Bar 1-3.6 (Delinquent Members), 1-3.10 (Appearance by Non-Florida Lawyer in a Florida Court), 1-3.11 (Appearance by Non-Florida Lawyer in an Arbitration Proceeding in Florida), and 1-7.3 (Membership Fees). We have jurisdiction. *See* art. V, § 15, Fla. Const. In accord with rule 1-12.1(g), the Bar published formal notice of its intent to file this petition in *The Florida Bar News*, and the notice directed interested parties to file comments directly with the Court. No comments were received.

We hereby amend rules 1-3.6, 1-3.10, and 1-3.11 as proposed with one minor modification. We also amend rule 1-7.3, but we make significant modifications to the Bar's proposal.

Rule 1-3.6 is amended to state that members will be deemed delinquent for failing to timely pay membership fees and other assessed fees and costs. We also divide the rule into subdivisions: (a) (Actions that Result in a Member Being Deemed Delinquent); and (b) (Effect of Delinquency). The one modification we make to the Bar's proposal is replacing the Bar's proposed title for subdivision (a) ("Types of Delinquency") with a new title, "Actions that Result in a Member Being Deemed Delinquent," to more clearly articulate the subject matter addressed by the subdivision.

Next, we amend rule 1-3.10 by creating a new subdivision (e) (Reports to The Florida Bar), which adds a reporting requirement for lawyers permitted to appear under the rule. This change is made so that the Bar can more effectively collect and administer the nonrefundable fees required under subdivision (d).

We amend rule 1-3.11 by creating a new subdivision (f) (Nonrefundable Fee), which requires non-Florida lawyers permitted to appear in arbitration proceedings in Florida to pay nonrefundable annual fees similar to those required of lawyers permitted to appear under rule 1-3.10. We also create a new subdivision (g) (Reports to The Florida Bar), which requires lawyers permitted to appear under

the rule to annually report the status of their arbitration proceedings in Florida. To account for new subdivisions (f) and (g), existing language addressing payment of fees is deleted from subdivision (e)(6). Finally, minor grammatical amendments are made throughout the rule to conform with our Guidelines for Rules Submissions.

For rule 1-7.3, we delete existing subdivision (b) (Prorated Membership Fees), eliminating the collection of prorated fees for new members. A new subdivision (b) (Membership Fees for New Members) is created in place of the deleted provision. New subdivision (b)(1) states that new members admitted from April 1 to June 30 are exempt from paying fees for their initial membership periods, and new subdivision (b)(2) provides that all other new members must pay a $265 membership fee to cover their first year of membership that began on the most recent July 1.

Accordingly, the Rules Regulating The Florida Bar are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective October 27, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Rosalyn Sia Baker-Barnes, President, Michael Fox Orr, President-elect, Joshua E. Doyle, Executive Director, Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, and Kelly N. Smith, Senior Attorney, The Florida Bar, Tallahassee, Florida,

　　for Petitioner

# APPENDIX

## RULE 1-3.6.    DELINQUENT MEMBERS

**(a)  Actions that Result in a Member Being Deemed Delinquent.**  Any person licensed to practice law in Florida is deemed a delinquent member if the member fails to:

(a)(1)  timely pay membership fees and all other assessed fees and costs;

(b)(2)  comply with continuing legal education or basic skills course requirements;

(c)(3)  pay the costs assessed in diversion or disciplinary cases within 30 days after the disciplinary decision or diversion recommendation becomes final, unless the time is extended by the board of governors for good cause shown;

(d)(4)  make restitution imposed in diversion cases or disciplinary proceedings within the time specified in the order in those cases or proceedings;

(e)(5)  pay fees imposed as part of diversion for more than 30 days after the diversion recommendation became final, unless the time is extended by the board of governors for good cause shown;

(f)(6)  pay an award entered in fee arbitration proceedings conducted under the authority stated elsewhere in these rules and 30 days or more have elapsed since the date on which the award became final; or

(g)(7)  file the trust account certificate required in chapter 5 of these rules.

**(b) Effect of Delinquency.**  Delinquent members are not members of The Florida Bar in good standing and therefore are prohibited from engaging in the practice of law in Florida and are not entitled to any privileges and benefits accorded to members of The Florida Bar in good standing.

## RULE 1-3.10.  APPEARANCE BY NON-FLORIDA LAWYER IN A FLORIDA COURT

**(a) – (d)**  [No Change]

**(e) Reports to The Florida Bar.** The lawyer admitted pro hac vice under this rule must report to The Florida Bar within 30 days of the lawyer withdrawing from representation in the proceedings or the proceedings concluding.  The lawyer admitted pro hac vice under this rule must report to The Florida Bar annually the lawyer's pro hac vice status on a form and by a date approved by The Florida Bar.

**Comment**

[No Change]

## RULE 1-3.11.  APPEARANCE BY NON-FLORIDA LAWYER IN AN ARBITRATION PROCEEDING IN FLORIDA

**(a)  Non-Florida Lawyer Appearing in an Arbitration Proceeding in Florida.**  A lawyer currently eligible to practice law in another United States jurisdiction or a non-United States jurisdiction may appear in an arbitration proceeding in this jurisdiction if the appearance is:

(1) – (3)  [No Change]

~~Such~~The lawyer ~~shall~~must comply with the applicable portions of this rule and of rule 4-5.5.

**(b)  Lawyer Prohibited from Appearing.**  No lawyer is authorized to appear ~~pursuant to~~under this rule if the lawyer:

(1) – (3)  [No Change]

(4)  has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted ~~pursuant to~~under this rule;

(5)  has failed to provide notice to The Florida Bar or pay the filing fee as required by this rule, except that neither notice to The Florida Bar nor a fee ~~shall be~~is required for lawyers appearing in international arbitrations; or

(6)  [No Change]

**(c)  Application of Rules Regulating ~~t~~The Florida Bar.**  Lawyers permitted to appear by this rule ~~shall be~~are subject to these Rules Regulating ~~t~~The Florida Bar while engaged in the permitted representation, including, without limitation, rule 4-5.5.

**(d)  General Practice Prohibited.**  Non-Florida lawyers ~~shall~~are not ~~be~~ permitted to engage in a general practice ~~pursuant to~~under this rule.  In all arbitration matters except international arbitration, a lawyer who is not admitted to practice law in this jurisdiction who files more than 3 demands for arbitration or responses to arbitration in separate arbitration proceedings in a 365-day period ~~shall be~~is presumed to be engaged in a "general practice."

**(e)  Content of Verified Statement for Leave to Appear.**  ~~In all arbitration proceedings except international arbitrations, prior to practicing pursuant to this rule, the~~The non-Florida lawyer ~~shall~~must file a verified statement with The Florida Bar and serve a copy of the verified statement on opposing counsel, if known, before practicing under this rule in all arbitration proceedings except international arbitrations.  If opposing counsel is not known at the time the verified statement is filed with The Florida Bar, the non-Florida lawyer ~~shall~~must serve a copy of the verified statement on opposing counsel within 10 days of learning the identity of opposing counsel.  The verified statement ~~shall~~must include:

(1)  a statement identifying all jurisdictions in which the lawyer is currently eligible to practice law including the ~~attorney's~~lawyer's bar number~~(s)~~ or attorney number~~(s)~~ for each jurisdiction;

(2)  [No Change]

(3)  a statement identifying all jurisdictions in which the lawyer has been disciplined in any manner in the preceding 5 years and the sanction imposed, or in which the lawyer has pending any disciplinary proceeding, including the date of the disciplinary action and the nature of the violation~~, as appropriate~~;

(4) – (5)    [No Change]

(6)  a certificate indicating service of the verified statement ~~upon~~ all counsel of record in the matter and ~~upon~~ The Florida Bar at its Tallahassee office ~~accompanied by a nonrefundable $250.00 filing fee made payable to The Florida Bar; however, such fee may be waived in cases involving indigent clients~~; and

(7)  a verification by the lawyer seeking to appear ~~pursuant to~~under this rule.

**(f)  Nonrefundable Fee.**  The application to The Florida Bar must be accompanied by a nonrefundable fee made payable to The Florida Bar.  The lawyer appearing in any arbitration proceeding in Florida except international arbitrations must pay an annual nonrefundable renewal fee each year after the initial filing for each year that lawyer continues to appear in any arbitration proceeding in Florida.  The initial nonrefundable application fee, the annual nonrefundable renewal fee, and the date on which the annual renewal fee must be paid will be set by the Bar's executive director as approved by the board of governors.  The Florida Bar will provide the Florida Supreme Court with 30 days' notice prior to the effectiveness of any increase in the amount of a nonrefundable fee or of the imposition of any new fee.

**(g) Reports to The Florida Bar.**  The lawyer appearing under this rule must report to The Florida Bar within 30 days of the lawyer withdrawing from representation in the arbitration or the arbitration proceedings concluding.  The lawyer appearing under this rule must report to The Florida Bar annually the lawyer's status of appearance in arbitration proceedings in Florida, except international arbitrations, on a form and by a date approved by The Florida Bar.

**Comment**

[No Change]

**RULE 1-7.3.   MEMBERSHIP FEES**

**(a)** [No Change]

**(b) Prorated Membership Fees.** ~~Membership fees will be prorated for anyone admitted to The Florida Bar after July 1 of any fiscal year. The prorated amount will be based on the number of full calendar months remaining in the fiscal year at the time of admission. Unpaid prorated membership fees will be added to the next annual membership fees bill with no penalty to the member. The Florida Bar must receive the combined prorated and annual membership fees payment on or before August 15 of the first full year fees are due unless the member elects to pay by installment.~~

**(b) Membership Fees for New Members.** Annual membership fees will not be prorated for newly admitted members. New members must pay initial membership fees as follows:

(1)  A new member admitted from April 1 through June 30 is exempt from paying membership fees for the membership period currently in progress at the time of his or her admission. The annual fee for the following membership period must be paid as described in subdivisions (a), (c), (d), and (f).

(2)  All other new members must, within 60 days of admission, pay to The Florida Bar a membership fee in the amount of $265 for the membership period in which they are admitted. The annual fee for the following membership period must be paid as described in subdivisions (a), (c), (d), and (f).

**(c) - (f)  [No Change]**